UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAE-GABRIEL GABRIEL OROS,<br><br>Applicant,<br><br>v.<br><br>AUTOMATTIC, INC.,<br><br>Respondent. | Case No. 23-mc-80002-LJC<br><br>**ORDER INSTRUCTING APPLICANT TO SERVE DEFENDANT PURSUANT TO RULE 5 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SETTING NEW DEADLINE FOR RESPONDENT AUTOMATTIC, INC. TO CONSENT TO MAGISTRATE JUDGE JURISDICTION** |

    Pro se Applicant Nicholae Gabriel Oros brings this *Ex Parte* Application to obtain third party discovery from Automatic, Inc. (Automatic) in connection with the allegedly defamatory articles posted about him by a blogger on Wordpress.com.[1] *Ex Parte* Appl., ECF No. 1.

    Oros has consented to magistrate judge jurisdiction, but Automattic has not. On March 3, 2023, this Court issued an order directing Automattic to consent or decline to magistrate judge jurisdiction by March 24, 2023. Order Setting Deadline, ECF No. 9. As noted in the March 3 Order, a United States Magistrate Judge lacks the authority under 28 U.S.C. § 636 to resolve an application for discovery pursuant to 28 U.S.C. § 1782, unless all parties have consented to magistrate judge jurisdiction. CPC Pat. Techs. Pty. Ltd. v. Apple, Inc., 34 F.4th 801, 807-8 (9th Cir. 2022).

    The Court also instructed Oros to serve Automattic a copy of the March 3, 2023 Order and to file proof of service by March 17, 2023. Id. Between March 14, 2023, and March 17, 2023,

---

[1] Wordpress is owned by Automattic.

Oros filed several defective certificates of service. ECF Nos. 10–14. Notably, Oros attempted to serve Automattic through electronic mail or e-mail. Id. And Automattic did not consent or decline by March 24, 2023.

Because Oros was ordered to serve Automattic the Court's March 3 Order, Oros's service had to comply with Rule 5 of the Federal Rules of Procedure. See Fed. R. Civ. P. 5(b). A paper served under Rule 5 may be done by, among other means, "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). Simply put, a party may serve papers on another party by e-mail when the party has consented to service by other electronic means, such as e-mail service. See AboveGEM, Inc. v. Organo Gold Mgmt., Ltd., No. 19-CV-04789-PJH, 2019 WL 3859012, at *2 (N.D. Cal. Aug. 16, 2019) (denying that service was rendered where a party did not consent to be served through electronic mail). Thus, Oros's attempts at serving Automattic by electronic means, e-mail, does not comply with Rule 5 of the Federal Rules of Civil Procedure because there is no evidence Oros received Automattic's consent to serve it by e-mail.

Accordingly, Oros must serve today's Order on Automattic by a means permitted by Rule 5 of the Federal Rules of Civil Procedure **within fourteen days from the date of this Order**. Oros shall serve Automattic, Inc. by mailing a copy of this order to:

Automattic Inc.

60 29th Street #343

San Francisco, CA 94110

Oros shall file proof of service with this Court **no later than twenty-one days after the date of this Order**. Automattic's new deadline to file a "Consent or Declination to Magistrate Judge Jurisdiction" form is **twenty-eight days from the date of this Order**.[2] Any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences.

---

[2] The form is available at https://cand.uscourts.gov/mj_consent-declination_form_10-2020/.

2

Fed. R. Civ. P. 73(b)(2).  Unless Automattic consents to magistrate judge jurisdiction within the time prescribed, the Court will order the Clerk to reassign the matter to a District Judge.

**IT IS SO ORDERED.**

Dated: April 21, 2023

LISA J. CISNEROS
United States Magistrate Judge