UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAE GABRIEL OROS,<br>　　　　Plaintiff,<br>　v.<br>AUTOMATTIC, INC.,<br>　　　　Defendant. | Case No. 23-mc-80002-LJC<br><br>**ORDER GRANTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br>Re: Dkt. No. 1 |

Pro se Plaintiff Nicholae Gabriel Oros brings this *ex parte* application to obtain third party discovery from Automattic, Inc. (Automattic) pursuant to 28 U.S.C. § 1782 in connection with allegedly defamatory articles posted about him on a blog hosted on Wordpress.com (Wordpress) which Automattic owns. *Ex parte* Appl. at 1, ECF No. 1.

Section 1782 applications for discovery are dispositive matters that a magistrate judge may not decide without the consent of all parties. See CPC Pat. Techs. Pty Ltd. v. Apple, Inc., 34 F.4th 801, 805 (9th Cir. 2022). All parties consented to magistrate judge jurisdiction. See ECF Nos. 8, 17. As such, this Court has the statutory authority to resolve this matter.

For the reasons stated below, the Court GRANTS Plaintiff's *ex parte* application.

**I.　BACKGROUND**

Plaintiff Oros is serving as a Commander of "General Virgil Badulescu" of the 61st Mountain Troops Brigade of Miercurea Ciuc, Harghita County, Romania. *Ex parte* Appl. at 1. He alleges that, as of May 2022, an individual under the pseudonym "Pan Themis" posted "a series of anonymous defamatory articles" about him on the blog "Politica Apocalipsei" hosted on Wordpress. Id.

The articles, written in Romanian and translated by Oros to English, accuse Oros of

1 obtaining his Commander position through nepotism. Id. at 2, 5. The articles insult Oros and his
2 Brigade, accusing them of general incompetence and corruption. Id. at 3–4. And the articles have
3 an anti-military sentiment. Id. at 2–5.

4       On September 8, 2022, Oros contacted Automattic seeking the identity of blogger Pan
5 Themis. *Ex parte* Appl., Attachment 10, ECF No. 1-10. On September 9, 2022, Automattic
6 declined to provide the information but stated its policy is to "turn over private information about
7 a blogger(s) only upon receipt of . . . an order validly issued from a United States court that
8 specifically requires us (Automattic Inc.) to provide user information." Id.

9       On January 3, 2023, Oros brought this action *ex parte* seeking a court order requiring
10 Automattic to disclose the true identity of blogger "Pan Themis" so that he can sue the blogger for
11 defamation in Romanian courts. *Ex parte* Appl. at 6. Oros asserts he intends to file a defamation
12 action against Pan Themis but that he first needs the identity and address of the defendant to
13 initiate a lawsuit in Romania. Id.

14       On February 13, 2023, Oros consented to magistrate jurisdiction, and on May 17, 2023,
15 Automattic also consented to magistrate jurisdiction. ECF Nos. 8, 17.

16 **II.  LEGAL STANDARD**

17       Pursuant to 28 U.S.C. § 1782(a), a court may order the production of documents or
18 testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal
19 privilege. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246–47 (2004). The
20 statute may be invoked where: (1) the discovery is sought from a person residing in the district of
21 the court to which the application is made; (2) the discovery is for use in a proceeding before a
22 foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested
23 person." Id.

24       A court is not required to grant an application that meets these statutory criteria, and retains
25 discretion to determine what discovery, if any, should be permitted. Id. at 264. In exercising this
26 discretion, the court considers the Intel discretionary factors:

27       (1) whether "the person from whom discovery is sought is a participant in the foreign
28       proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

Id. at 264–65.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." IPCom GmbH & Co. KG v. Apple, Inc., 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." In re Varian Med. Sys. Int'l AG, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. See 28 U.S.C. § 1782(a); In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1020 (9th Cir. 1994).

**III.    DISCUSSION**

In determining whether to grant Oros's application, this Court considers the three-part statutory test under 28 U.S.C. § 1782(a) and the Intel discretionary factors.

    **A.    Statutory Requirements**

Oros's *ex parte* application meets the statutory requirements of § 1782(a). See Intel, 542 U.S. at 246–47. First, Oros seeks discovery from an entity residing in the Northern District of California. Specifically, Oros seeks discovery from Wordpress, a company owned by Automattic, which is headquartered in San Francisco, California. *Ex parte* Appl. at 8; see *Ex parte* Appl.,

3

1  Attachment 10.  Second, Oros seeks to use the discovery sought in this proceeding to initiate a
2  lawsuit in a foreign tribunal.  *Ex parte* Appl. at 6.  Specifically, Oros intends to initiate a
3  defamation lawsuit in Romania once Automattic identifies Wordpress blogger Pan Themis.  Id.;
4  see Intel, 542 U.S. at 259 (noting adjudicative proceedings need not be pending or imminent, so
5  long as they are "within reasonable contemplation").  And third, there is no doubt that Oros is an
6  "interested person" in his intended defamation lawsuit against blogger Pan Themis, as he will be a
7  party to the lawsuit.  Thus, the § 1782(a) statutory requirements for granting Oros's application for
8  discovery are met.

### B.  Intel Factors

In addition to the statutory requirements under § 1782(a), the Court must consider the Intel factors to determine whether judicial assistance is appropriate.  Here, the Intel factors weigh in favor of authorizing discovery.

#### 1.  Participation of Target in the Foreign Proceeding

The first factor the Court considers is whether the person from whom discovery is sought is a party to the foreign proceeding.  Intel, 542 U.S. at 264.  The "key issue is whether the material [sought] is obtainable through the foreign proceeding."  In re: Ex Parte Application Varian Med. Sys. Int'l AG, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016) (internal quotation marks and citation omitted).

Here, Automattic will not be a party to Oros's planned defamation lawsuit against blogger Pan Themis.  As such, Automattic will not be subject to party discovery in the Romanian courts.  Most importantly, Oros is not able to file his suit and launch the foreign proceeding because Romanian law requires the plaintiff to clearly identify the defendant by first and last name.  *Ex parte* Appl. at 9.  Automattic is the only entity that can provide Oros with the identity information he is seeking.  This factor weighs in favor of permitting discovery.

#### 2.  Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second factor the Court considers is "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."  Intel, 542 U.S. at 264.  "This factor

focuses on whether the foreign tribunal is willing to consider the information sought." In re Varian Med. Sys., 2016 WL 1161568, at *4. "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." Id. (internal quotation marks and alteration omitted).

There is no evidence that the government of Romania or that a Romanian tribunal would object to assistance from a U.S. federal court. And there is no evidence that Romanian courts would not make use of the discovery obtained through this action. Indeed, a Romanian court would only consider Oros's defamation lawsuit if Oros obtains discovery on the identity of blogger Pan Themis because Romanian courts require the identities of all parties to consider a lawsuit. Thus, in the absence of evidence that Romanian courts would object to the discovery Oros seeks or that Romanian courts object to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of permitting discovery.

### 3. Circumvention of Proof-Gathering Restrictions

The third factor the Court considers is whether an applicant's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Intel, 542 U.S. at 265. "A perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." In re Varian Med. Sys., 2016 WL 1161568, at *5 (internal quotation marks omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." In re Google, Inc., No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014).

Based on the materials, it appears Oros cannot use the Romanian courts to retrieve the discovery he is seeking from Automattic through the U.S. federal courts. As noted earlier, according to Oros, Romanian civil procedure requires the identity of all parties to initiate a lawsuit or else the lawsuit is voided. See *Ex parte* Appl. at 9. Thus, Oros cannot seek any discovery through the Romanian courts on this matter without first discovering the identity of blogger Pan

Themis. For this reason, there is no evidence, at this point in time, to suggest that Oros is attempting to circumvent foreign proof-gathering restrictions, and this factor favors permitting discovery.

### 4. Unduly Burdensome or Intrusive Discovery

The fourth and final factor the Court considers is whether the discovery sought is "unduly intrusive or burdensome." Intel, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information[,] and appear to be a broad fishing expedition for irrelevant information." In re Ex Parte Application of Qualcomm Inc., 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (internal quotation marks omitted).

Oros requests that Automattic provide him with the identity of a single user of Wordpress, the blogger with the pseudonym Pan Themis. The disclosure of a single user's identity is not a burden for a large technology company like Automattic that regularly receives requests like this and has a policy on how to respond to such requests. See *Ex parte* Appl., Attachment 10. Indeed, Automattic's policy is to "turn over private information about a blogger(s)" upon receipt of "an order validly issued from a United States court that specifically requires . . . (Automatic Inc.) to provide user information." Id. Accordingly, this factor weighs in favor of permitting discovery.

IV.     **CONCLUSION**

For the reasons stated above, the Court grants Oros's application for discovery under 28 U.S.C. § 1782.  This order does not foreclose a motion to quash by Automattic.  The Court will authorize the service of a subpoena on Automattic that is in accordance with the discovery grant in this Order.  Oros shall serve this subpoena pursuant to the Federal Rules of Civil Procedure.  He shall do so by completing the U.S. District Court of the Northern District of California's subpoena form,[1] filing the form for Court approval, and serving it on Automattic upon receiving the Clerk's signature.  The subpoena must include a return date at least thirty days after service to allow Automattic to contest the subpoena if it desires.

**IT IS SO ORDERED.**

Dated: May 22, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[1] United States District Court Northern District of California, Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises (2023), https://cand.uscourts.gov/ao_088b-revised-2-3.

7