UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAE-GABRIEL GABRIEL OROS,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC, INC.,<br><br>Defendant. | Case No. 23-mc-80002-LJC<br><br>**ORDER REGARDING PLAINTIFF'S NOTICE AND ATTEMPT TO SERVE AUTOMATTIC, INC. A SUBPOENA**<br><br>Re: Dkt. No. 21 |

Plaintiff has filed a "Notice" with the Court requesting that it order nonparty Automattic, Inc. to comply with Plaintiff's subpoena. ECF Nos. 20-1, 21. The Court construes this Notice as a request for an order to compel production. Plaintiff seeks the production of nonparty information to identify a blogger who he claims has defamed him.

In his Notice, Plaintiff stated, "I served the subpoena to Automattic[,] Inc. by carrier and it eventually reached them on the 31st of May 2023." ECF No. 21 at 2. This statement is ambiguous as to the specific method of service, and no Certificate of Service has been filed. To the extent Plaintiff attempted service by mail, this is not generally a permissible method of service under Rule 45 of the Federal Rules of Civil Procedure. See Chima v. U.S. Dep't of Def., 23 F. App'x 721, 724 (9th Cir. 2001) (unpublished decision holding that service by mail rather than by personal service of subpoenas duces tecum on defense witnesses was improper); In re: Ex Parte Application of Pro-Sys Consultants and Neil Godfrey, No. 16-mc-80118-JSC, 2016 WL 6025155, *1 (N.D. Cal. Oct. 14, 2016) ("The majority of courts understand 'delivering' to require personal service of the subpoena.") (internal quotation marks omitted). Moreover, a party to a lawsuit may not serve a subpoena. Fed. R. Civ. P. 45(b)(1). Consequently, the Court finds that service on

1    Automattic, Inc. was ineffective, but Plaintiff may try again.

2    When serving Automattic, Inc. with a subpoena, Plaintiff should be aware of the following
3    law and guidance.  First, serving a subpoena on a nonparty requires personal service.  See Fed. R.
4    Civ. P. 45(b)(1) (requiring delivery of a copy of a subpoena to the named nonparty).  Second, any
5    individual who is a party to a lawsuit or less than 18 years old may not serve a subpoena.  Id.
6    Third, to reduce the likelihood of ineffective service, typically a party will hire a process server
7    who will personally deliver the subpoena to a nonparty.  See Judge Karen L. Stevenson and James
8    E. Fitzgerald, "Federal Civil Procedure Before Trial," §§ 11:2269–11:2270 (Rutter Group 2023).
9    Fourth, a party may personally serve a domestic corporation by delivering a subpoena to "an
10   officer, a managing or general agent, or any other agent authorized by appointment or by law to
11   receive service of process and—if the agent is one authorized by statute and the statute so
12   requires—by also mailing a copy [sic] [to the person.]" Monolithic Power Sys., Inc. v. Travelers
13   Prop. Cas. Co. of Am., No. 20CV04616SBAJCS, 2021 WL 1788445, at *1 (N.D. Cal. May 5,
14   2021) (citing Fed. R. Civ. P. 4(h)(1)(B)).  Alternatively, a party may serve a subpoena in the
15   manner approved under state law.  Id. (citing Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1)).  "In California,
16   service on a corporation may be made upon 'a general manager, or a person authorized by the
17   corporation to receive service of process.'" Id. (citing Cal. Code Civ. Proc. § 416.10(b)).

18   The Court also orders Plaintiff to file a Certificate of Service prepared by the process
19   server.  This certificate involves submitting a statement to the Court that has been certified by a
20   process server and includes information about the date and method of service, as well as the names
21   of the persons served.  See Fed. R. Civ. P. 45(b)(4).

22   //
23   //
24   //
25   //
26   //
27   //
28   //

Plaintiff is directed to serve Automattic, Inc. within the next thirty days via personal service and to file the Certificate of Service within two weeks thereafter. Should personal service fail after diligent effort, Plaintiff may seek leave from the Court to serve Automattic, Inc. by substituted service, such as certified mail. See Hellmich v. Mastiff Contracting, LLC, No. SACV1401354DOCKESX, 2017 WL 11632081, at *1 (C.D. Cal. May 11, 2017); Fujikura Ltd. v. Finisar Corp., No. 15MC80110HRLJSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.").

**IT IS SO ORDERED.**

Dated: October 4, 2023

Lisa J. Cisneros
United States Magistrate Judge